**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FREDERICK DEWAYNE HINES,

                                                    Civil No. 23-2251 (JRT/LIB)

                          Plaintiff,

v.

                                        **ORDER AFFIRMING MAGISTRATE**
STATE OF MINNESOTA, *et al.*,           **JUDGE'S DENIAL OF PLAINTIFF'S**
                                        **APPLICATION TO PROCEED *IN FORMA***
                          Defendants.           ***PAUPERIS***

---

Frederick Dewayne Hines, OID #245045, Minnesota Correctional Facility - Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se* plaintiff.


Petitioner Frederick Dewayne Hines is incarcerated and initiated this action against the State of Minnesota and various prison officials ("Defendants"), asserting that they violated his civil rights.  This action relates to an earlier, separate complaint.  The Court denied Hines's application to proceed *in forma pauperis* ("IFP") in that action because he had accrued "three strikes" within the meaning of the Prison Litigation Reform Act of 1996 ("PLRA").  Hines now alleges that his prior action was doomed because Defendants altered and concealed parts of his complaint, which would have otherwise satisfied the imminent-danger-of-serious-physical-injury exception ("imminent danger exception") to the three strikes rule.

Hines now seeks injunctive relief prohibiting Defendants from tampering with his legal filings.  He appeals the Magistrate Judge's determination that he may not proceed

IFP in this action.  Because 28 U.S.C. § 1915(g) bars Hines from proceeding IFP and there is an insufficient nexus between the Complaint and any imminent danger, the Court will deny Hines's appeal, affirm the Magistrate Judge's denial of Hines's application, and require Hines to pay a filing fee within the time permitted by this Order or his case will be dismissed without prejudice for failure to prosecute.

## BACKGROUND

In a separate action, Hines filed a complaint against various prison officials under 42 U.S.C. § 1983 alleging violations of his civil rights.  *See Hines v. Minnesota*, No. 23-604, 2023 WL 4173032, at *1 (D. Minn. June 26, 2023).  He argued that his constitutional rights were violated when he was raped in or about August 2020, and when prison officials and medical professionals did not follow the proper protocols or procedures and denied him adequate medical care.  *Id.*  The Court denied his application to proceed IFP because he had three strikes under 28 U.S.C. § 1915(g) and did not qualify for the imminent danger exception.  *See id.* at *2.

Hines now alleges that the Court's decision in his prior action was based on filings that had been altered by Defendants.  (*See* Compl. at 3, July 28, 2023, Docket No. 1.) Hines asserts that the alterations violate his constitutional rights and asks, among other relief, for the Court to grant injunctive relief prohibiting Defendants from altering any

further filings.  (*Id.* at 10.)  Hines applied to proceed IFP in this action.  (Appl. to Proceed Without Prepaying Fees or Costs, Aug. 10, 2023, Docket No. 4.)

The Magistrate Judge concluded that Hines may not proceed IFP.  (Order Den. Appl., Sept. 11, 2023, Docket No. 5.)  As in Hines's prior case, the Magistrate Judge found that Hines has three strikes for purposes of the PLRA.  (*Id.* at 1–2.)  In addition, the Magistrate Judge found that there was an insufficient nexus between the requested relief in this case—the ability to file unaltered legal documents—and the alleviation of an imminent serious physical injury.  (*Id.* at 2–4.)  Hines now challenges the Magistrate Judge's denial of his IFP application.  (Mot. Opp., Sept. 28, 2023, Docket No. 6.)

The Magistrate Judge construed Hines's opposition as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  (*See* Order & R. & R. at 2, Nov. 29, 2023, Docket No. 9.)  The Magistrate Judge denied the motion and recommended the Court dismiss Hines's action for failure to prosecute.  (*Id.* at 3.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Although the Magistrate Judge addressed Hines's Motion in Opposition as a motion for reconsideration, the Court will separately analyze it as an appeal of the Magistrate Judge's original order.

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential."  *Shukh v. Seagate Tech., LLC*,

295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014

(D. Minn. 2007).  Reversal is only appropriate if the order is "clearly erroneous or contrary

to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3)(A).

For an order to be clearly erroneous, the district court must be "left with the definite and

firm conviction that a mistake has been committed."  *Lisdahl v. Mayo Found*., 633 F.3d

712, 717 (8th Cir. 2011) (citations omitted).  "[T]he district court has inherent power to

review the final decision of its magistrates."  *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir.

1975).

A document filed by a pro se litigant is to be liberally construed and must be held

to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  However, "pro se litigants are not excused from failing to comply

with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.    IFP APPLICATION

The Magistrate Judge's denial of an IFP application is a nondispositive matter that

is reviewed only for clear error.  *E.g.*, *Perry v. Bos. Sci. Fam.*, No. 13-733, 2013 WL

6328760, at *2 (D. Minn. Dec. 5, 2013); *see* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C);

D. Minn. LR 72.2(b)(3).  The PLRA includes a three strikes provision in 28 U.S.C. § 1915(g),

which provides,

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if
> the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious or fails to state a
claim upon which relief may be granted, **unless the prisoner
is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added).  "The statute's bar does not preclude the inmate

from filing additional actions but does deny him the advantages of proceeding *in forma

pauperis*."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

The Eighth Circuit has explained that the PLRA's imminent danger exception only

applies if the requisite danger exists at the time the complaint is filed, not when the

alleged wrongdoing occurred.  *Id.*  A mere "general assertion" of imminent danger is

insufficient to invoke the imminent danger exception—there must be "specific fact

allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing

the likelihood of imminent serious physical injury."  *Id.*  What is more, there must be a

strong nexus between the imminent danger and the action filed by the petitioner.  *Perry,*

2013 WL 6328760, at *2 (citing *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009)).

That is, "the action in which the prisoner seeks IFP status must have the potential to

prevent the imminent danger."  *Id.*

As before, Hines challenges neither the determination that the PLRA applies to him

nor the finding and that he has previously filed three cases that qualify as "strikes."  Hines

only challenges the Magistrate Judge's determination that he has not shown imminent

danger of serious physical injury.  Hines argues that the imminent danger exception to

the PLRA's three strikes rule applies because he has been unable to seek legal redress for repeated sexual abuse and lack of medical treatment while incarcerated.

The Court finds no clear error in the Magistrate Judge's determination that Hines is barred from proceeding IFP in this case by 28 U.S.C. § 1915(g) and that the imminent danger exception does not apply.  The Court will not dwell on its holdings from Hines's prior case that past injury does not trigger the exception and that the risk of imminent danger must be definite.  *Hines*, 2023 WL 4173032, at *3.  This action suffers from an additional issue.  As discussed, there must be a tight nexus between the complaint and the imminent danger for the exception to apply.  *See Perry*, 2013 WL 6328760, at *2.  The Court's order, if the complaint is successful, must remedy the danger.  *Id.*  The injunction that Hines requests would not cure the danger Hines alleges, though.  If the Court were to order Defendants to cease altering Hines's legal filings, Hines's medical condition would remain unchanged.  For these reasons, Mr. Hines's complaint fails to satisfy the imminent danger exception to 28 U.S.C. § 1915(g).[1]

---

[1] The Court's finding that Hines may not proceed IFP in this action does not mean that his suit is barred, but that he must pay the filing fee for his suit to continue.  As explained by the Magistrate Judge, if Hines does not pay the necessary filing fees, his claims will be dismissed for failure to prosecute.

**CONCLUSION**

Because Hines's complaint fails to satisfy the imminent danger exception to 28 U.S.C. § 1915(g), Hines is barred from proceeding IFP in this case under the three strikes rule.  The Court will therefore deny Hines's appeal, affirm the Magistrate Judge's denial of Hines's IFP application, and require Hines to pay a filing fee within the time permitted by this Order or his case will be dismissed without prejudice for failure to prosecute.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion in Opposition to the Magistrate Judge's Order denying Plaintiff's application to proceed *in forma pauperis* [Docket No. 6] is **DENIED**;

2. The Magistrate Judge's Order [Docket No. 5] is **AFFIRMED**;

3. The Magistrate Judge's Report and Recommendation [Docket No. 9] is **REJECTED**; and

---

[2] Although the Magistrate Judge recommended the Court dismiss Hines's action for failure to prosecute, the Court will allow Hines additional time after this Order to pay the filing fee.  If he fails to do so within sixty days, the Court will then dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  Plaintiff has sixty days from the date of this Order to make payment of the full

    $402 filing fee for this action, failing which this action will be dismissed without

    prejudice for failure to prosecute.

DATED:  December 11, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge